UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO TEJEDA, | ) | NO. EDCV 16-2445-SVW (AGR) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| DEAN BORDERS, Warden, | ) | |
| Respondent. | ) | |

On November 28, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. It appears that Petitioner's claim is not cognizable under habeas because Petitioner does not challenge the fact or length of his confinement. The Court, therefore, orders Petitioner to show cause on or before ***January 3, 2017***, why the Court should not recommend dismissal without prejudice.

**I.**

**BACKGROUND**

Petitioner is an inmate at the California Institute for Men, located Chino, which lies within this judicial district. He is serving a ten year sentence for his

2012 guilty-plea convictions of voluntary manslaughter and a firearm-use enhancement in San Joaquin County. (Petition at 2.[1]) He does not challenge his conviction or sentence.[2] He checks a box on the form petition characterizing his challenge as one targeting "prison discipline." (*Id.* at 2.) Nevertheless, he principally challenges his incarceration at a prison far from his family in Elk Grove, near Sacramento. (*See id.* at 14-20 (various administrative grievances by Petitioner and responses by prison officials).)

## II.

## **DISCUSSION**

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99)).

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

[2] Although Petitioner cites the First, Fourth, and Fifth Amendments at one point, along with *Miranda v. Arizona*, 384 U.S. 436 (1966) (Petition at 12), he sets forth no cognizable habeas claims, either based on those provisions or otherwise. He has filled in five "claims" in the form petition, as follows in italics, but none is a valid habeas claim. For example, his first enumerated claim is labeled, "Take out the stress," with the "[s]upporting facts given as "Being far from home is stressful as you can see." (*Id.* at 4 (p.5 as paginated at the bottom of the form petition).)

Here, Petitioner does not challenge the validity or length of his confinement.³ *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (§ 1983 is exclusive vehicle for non-habeas claims).

### III.
### **CONCLUSION**

IT IS THEREFORE ORDERED that on or before ***January 3, 2017***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice. Petitioner's response must explain why the petition is cognizable under habeas.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition without prejudice.***

DATED: December 2, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

³ On the same date on which he filed his habeas action, Petitioner filed a civil rights complaint that appears to be based the same underlying dispute. (*See* Dkt. No. 1 in *Tejeda v. C.I.M.*, No. EDCV 16-2443-SVW (AGR).